IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,

        Plaintiffs,

  vs.                                  Case No. 2:13-cv-687
                                        Judge Frost
                                        Magistrate Judge King

CONCRETE RESTORATION SPECIALISTS,
LLC,

        Defendant.


**REPORT AND RECOMMENDATION**

      This is an action under ERISA, 29 U.S.C. § 1001 *et seq.*, and 29 U.S.C. § 185 for recovery of amounts allegedly due certain employee benefits plans and to require the filing of certain required reports. This matter is before the Court on *Plaintiffs' Motion for Summary Judgment*, Doc. No. 13 ("*Motion for Summary Judgment*"). Although defendant, a corporation represented by counsel, sought and was granted an extension of time to respond to the motion, *Order*, Doc. No. 21, there has nevertheless been no response to the *Motion for Summary Judgment*.

      The plaintiff trustees bring this action on behalf of the Ohio Laborers' Fringe Benefit Programs, an association of trust funds ("the Funds"). *Complaint*, ¶ 2, Doc. No. 1. Defendant Concrete Restoration Specialists, LLC ("Concrete Restoration") is an employer with its principal place of business in Sharon Center, Ohio. *Id*. at ¶ 3; *Answer*, ¶ 3, Doc. No. 11. Plaintiffs seek recovery of unpaid

1

contributions, liquidated damages, attorney fees and a declaration that Concrete Restoration is bound by the collective bargaining agreements and trust documents.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The record reflects the following uncontroverted facts. Concrete Restoration executed a collective bargaining agreement requiring it to make timely reports and contributions to the Funds. *Affidavit of Plaintiffs' Administrative Manager*, ¶ 11, attached to the *Motion for Summary Judgment* ("*Archer Affidavit*").[1] Concrete Restoration failed to make timely contributions to the funds for the period February 2011 through August 2013. *Archer Affidavit*, ¶ 12. Unpaid contributions for this period total $89,426.66. *Id*. at ¶ 13; *Exhibit C*, attached to *Archer Affidavit*.

The collective bargaining agreement to which defendant is bound also provides for liquidated damages of 10% of late contributions plus interest at the rate of 1% per month for the period of time that the contribution remains unpaid. *Exhibit B*, attached to *Archer Affidavit*. Concrete Restoration made late contribution payments for the periods February and March 2011, July and August 2011, September 2012 through

---

[1] Matthew A. Archer is the Administrative Manager. *Id*. at ¶ 1.

2

November 2012 and February 2012 through July 2013.  *Archer Affidavit*, ¶ 14.  Liquidated damages and interest due on defendant's unpaid and untimely contributions total $22,153.10.  *Id*. at ¶ 17; *Exhibit C*, attached to *Archer Affidavit*.  Moreover, plaintiffs have incurred attorney fees in the total amount of $1901.25, that amount reflecting 3.00 hours calculated at the rate of $230 per hour, as well as 4.75 hours calculated at the rate of $255 per hour.  *Affidavit of Steven L. Ball*, attached to the *Motion for Summary Judgment*; *Exhibit D*, attached to *Archer Affidavit*.

Because Concrete Restoration has not responded to the *Motion for Summary Judgment*, the accuracy of all these amounts is uncontroverted and the Court therefore concludes that the plaintiffs are entitled to judgment in these amounts.

**WHEREUPON**, it is **RECOMMENDED** that *Plaintiffs' Motion for Summary Judgment*, Doc. No. 13, be **GRANTED**.  It is **SPECIFICALLY RECOMMENDED** that plaintiffs be awarded judgment in the amount of $89,426.66 in unpaid contributions, $22,153.10 in liquidated damages and interest, and $1,901.25 in attorney fees, for a total award of $113,481.01.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


January 22, 2014                              *s/Norah McCann King*
                                               Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge

4